IN THE CIRCUIT COURT OF THE
9th JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO.: _____

**PAIGE BARBIER,**

    Plaintiff,

vs.

**SKANSKA USA CIVIL SOUTHEAST INC.,**
a Foreign Profit Corporation,

_____/

## COMPLAINT

Plaintiff, PAIGE BARBIER ("Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant, SKANSKA USA CIVIL SOUTHEAST INC. ("Defendant") and in support states as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000, excluding attorney fees or costs, pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA") to redress injuries resulting from Defendant's unlawful, discriminatory treatment of Plaintiff; and for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Plaintiff is a homosexual female within a class of individuals protected by the FCRA.

3. Plaintiff currently is, and continues to be, a resident of Leon County, Florida; and was an employee of Defendant, performing duties as qualified personnel for the Defendant, within a company operated business facility, located in Orange County, Florida.

4. Defendant is a Foreign Profit Corporation, duly authorized to conduct business in the State of Florida and Orange County, Florida.

5. Defendant is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.*, (hereinafter referred to as "FCRA") since it employs fifteen or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statutes.

6. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

7. FLSA Jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C. §216 (b).

8. Venue is proper in Orange County, Florida, pursuant to Fla. Stat. Section 47.011, because all of the actions complained of herein occurred within the jurisdiction of the Ninth Judicial Circuit, In and for Orange County, Florida.

9. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.

10. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS**

11. Plaintiff is a homosexual female.

12. Plaintiff started working for Defendant as a Quality Control Supervisor / Administrative Assistant on or about February 10, 2020.

13. Plaintiff worked an average of 60-70 hours per week.

14. Throughout her employment, Plaintiff regularly worked in excess of forty (40) hours per week in a given workweek.

15. At all times material hereto, Defendants had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

16. Plaintiff worked approximately 10-20 hours a week off-the-clock for Defendant and was never paid one-and-one-half times her regular rate of pay for those off-the-clock hours.

17. Accordingly, Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States.

18. Plaintiff was the only female in her division.

19. On or about June 6, 2020, Mr. Martinelli informed Plaintiff that her new safety manager was Robert Mellette. In the room was also Dan Holyt at this time.

20. Plaintiff was put on one month of probation, even though Plaintiff had done nothing wrong.

21. After the meeting Mr. Martinelli changed Plaintiff's weekly hours from 60 to 50, and required Plaintiff to notate everything Plaintiff would do on a weekly basis.

22. Mr. Martinelli required that Plaintiff send her hours to him through email.

23. Plaintiff was told that she was supposed to get a raise after 90 days and an evaluation.

24. Plaintiff asked Mr. Martinelli about the raise and the evaluation, but her question was dismissed.

25. Plaintiff got more certifications making her more qualified for the job.

26. Plaintiff kept asking Mr. Holyt and Mr. Martinelli about a raise.

27. Mr. Holyt reached out to the Human Resources Department to ask about giving Plaintiff a raise, but nothing happened.

28. In the midyear review Plaintiff was told that she was not performing well, but she was not told why her review was lower than her other male coworkers.

29. After that Plaintiff was working off the clock under the orders of her bosses.

30. Plaintiff worked from 6 pm to 6 am, but was required to do work related tasks at home. Plaintiff was not paid for work duties done outside of work.

31. On one occasion, Mr. Martinelli accused Plaintiff of falsifying her hours and "stealing" the work truck.

32. These abusive remarks were not experienced by her male coworkers for similar behavior.

33. A coworker by the name of Frank Hurtz took his truck to Ocala, but did not get written up.

34. Plaintiff had to take her truck 5-10 minutes away from the job site because of family emergency. Even though this was a family emergency, Plaintiff was written up for this.

35. Plaintiff reached out to Liz a member of the Human Resources Department and spoke to her about how Plaintiff felt mistreated.

36. Mr. Mellette asked Plaintiff about her sexual orientation, which made Plaintiff feel very uncomfortable.

37. On or about November 19, 2020, Plaintiff sent her letter of resignation to Mr. Holyt and Mr. Mellette, notifying them of her two-week notice. Plaintiff had no choice but to quit, due to the treatments that she received from Defendant. Plaintiff was constructively discharged in this manner.

38. On or about November 20, 2020, Plaintiff was terminated.

39. On or about December 13, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

## COUNT I – SEX DISCRIMINATION IN VIOLATION OF THE FCRA

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 above as if set out in full herein.

41. Plaintiff is a member of a protected class under the FCRA.

42. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex and subjected the Plaintiff to sex-based animosity.

43. Such discrimination was based upon the Plaintiff's sex in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a woman.

44. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's sex was unlawful but acted in reckless disregard of the law.

45. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

46. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

47. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

48. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

49. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights.

50. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **COUNT II- SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF THE FCRA**

51. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 above as if set out in full herein.

52. Plaintiff is a member of a protected class under the FCRA.

53. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sexual orientation and subjected the Plaintiff to sexual-orientation-based animosity.

54. Such discrimination was based upon the Plaintiff's sexual orientation in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is homosexual.

55. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's sexual orientation was unlawful but acted in reckless disregard of the law.

56. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

57. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

58. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

59. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

60. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights.

61. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

G. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

H. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

I. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

J. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

K. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

L. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III -FAILURE TO PAY WAGES IN VIOLATION OF THE FLSA

62. Plaintiff reasserts the allegations in Paragraphs 1-39 as if fully set forth herein.

63. This action is brought by Plaintiff to recover from Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

64. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

65. Upon information and belief, at all times material hereto, the annual gross revenue of Defendant exceeded $500,000 per annum on its own, or as part of a joint enterprise. To the extent that Defendant operated as part of a joint enterprise with other companies which are as yet unknown but may become known through further discovery, they performed related activities, under the common control of the individual defendant(s), and for common business purposes related to the work performed by Plaintiff.

66. By reason of the foregoing, Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

67. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

68. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

   **WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant have violated the FLSA and has done so willfully,

intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV – RETALIATION IN VIOLATION OF FCRA

69. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 above as if set out in full herein.

70. By the conduct describe above, Defendant retaliated against Plaintiffs for exercising rights protected under the FCRA.

71. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

72. As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, have been exposed to ridicule and embarrassment, and they have suffered emotional distress and damage.

73. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiffs, deprived Plaintiffs of statutory rights under federal law.

74. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with

malice or reckless indifference to Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

75. Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated this __29__ day of June, 2021

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Tel.  (305) 416-5000
E-Mail: agp@rgpattorneys.com
          mhorowitz@rgpattorneys.com

 /s/: Anthony M. Georges-Pierre
Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 0533637
Max L. Horowitz, Esq.
Florida Bar Number: 118269