UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAIGE BARBIER,

       **Plaintiff,**

v.                              **Case No:  6:21-cv-1325-WWB-GJK**

SKANSKA USA CIVIL
SOUTHEAST, INC.,

       **Defendant.**

_____

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**  **JOINT MOTION FOR APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 17)**
>
> **FILED:**     **December 16, 2021**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.    BACKGROUND.

On June 29, 2021, Plaintiff filed a complaint against Defendant, alleging violations of the overtime provision of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a) in the Circuit Court of Orange County. Doc. No. 1-3 at 1. Plaintiff also alleged violations of the Florida Civil Rights Act. Plaintiff alleges that she

worked for Defendant as a "Quality Control Supervisor/Administrative Assistant" from February 2020 through November 2020. *Id.* at ¶¶ 12, 38. On August 23, 2021, the Court issued its FLSA Scheduling Order. Doc. No. 10. On November 19, 2021, the parties agreed to a negotiated settlement. Doc. No. 17 at 3.

On December 16, 2021, a Joint Motion for Approval of Fair Labor Standards Act Settlement and Dismissal with Prejudice (the "Motion") was filed. Doc. No. 17. Attached to the Motion was the FLSA settlement agreement (the "FLSA Agreement"). *Id.* at 9-15. However, in the Motion, the parties disclose a separate confidential settlement agreement and general release that is restricted to resolving Plaintiff's claims outside of the FLSA (the "Non-FLSA Agreement"). Doc. No. 17 at 4-5 n.1. The parties did not attach the Non-FLSA Agreement to the Motion.

## II.   **LAW.**

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When

> employees bring a private action for back wages under the
> FLSA, and present to the district court a proposed settlement,
> the district court may enter a stipulated judgment after
> scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id.*; *see also Sammons v. Sonic-North Cadillac, Inc.*, No. 6:07-cv-277-PCF-DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked Court approval or supervision by the Secretary of Labor). Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Store*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994);

*Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-ACC-JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

Importantly, courts have held, "a pervasive release in settlement of an FLSA action is both unfair and incapable of valuation." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010). "Pervasive, overly broad [general] releases have no place in settlements of most FLSA claims." *Bright v. Mental Health Resource Center, Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804, *4 (M.D. Fla. Mar. 14, 2012).

That is not to say a general release may never be included in a FLSA settlement. Courts in this District have approved FLSA settlements with general releases where the parties provide the Court with sufficient information, such as detailed explanations in their motions or affidavits from the plaintiffs, regarding any other claims that the plaintiffs are knowingly releasing, including the fair value of such claims, whether those claims are being compromised and, if so, the reasons for such compromise and the consideration given in exchange for the general release. *See Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving FLSA settlement providing $100.00 as separate consideration for a general release); *Bright*, 2012 WL 868804, at *5 (approving FLSA settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her).

III.   <u>ANALYSIS.</u>

   **A. Settlement Amount.**

This case involves disputed issues of FLSA liability, which constitutes a bona fide dispute. Doc. No. 17 at 2-3; Doc. Nos. 1, 7. In Plaintiff's unverified answer to the Court's Interrogatories, she states that her total estimated damages are approximately $54,527.14, excluding attorney's fees and costs. Doc. No. 11 at 5. Under the FLSA Agreement, Plaintiff is receiving $3,192.00 in unpaid wages and $3,192.00 in liquidated damages, totaling $6,384.00. Doc. No. 17 at 11 ¶3. Plaintiff is receiving significantly less than the amounts she claims she is due, thus Plaintiff has compromised her claim under the FLSA. *See Caseres v. Tex. de Brazil (Orlando) Corp.*, 6:13-cv-1001-RBD-KRS, 2014 WL 12617465, at *2 (M.D. Fla. April 2, 2014) ("Because [the plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*.").

In a case like this, where Plaintiff is receiving only about 12% of the amount originally claimed, the parties must present facts showing the substantial reduction is fair. Here, the Court finds the parties failed to do so. The Motion merely provides generalized assertions about the costs and uncertainties of litigation and the undersigned counsels' experience in wage and hour matters. Doc. No. 17 at 6-7. The Motion provides no explanation as to the large disparity between the amount Plaintiff claimed and what is being paid under the FLSA Agreement. The Motion concludes that "[a]fter reviewing and discussing . . . with their counsel, and despite Defendant's continued denial of any liability, on November 19, 2021, the Parties agreed to a negotiated settlement." *Id.* at 3. Plaintiff has clearly compromised the amount of her original claim, but the Motion provides no factual basis or reasoning to explain the disparity, such that even with the strong presumption favoring settlement, the Court cannot determine whether the settlement amount is fair and reasonable.

**B. Non-FLSA Settlement Agreement.**

As mentioned earlier, the parties executed two settlement agreements in connection with the Plaintiff's claims, but only the FLSA Agreement was provided. Doc. No. 17 at 4-5 n.1. The Motion discloses that the Non-FLSA Agreement is a separate confidential settlement agreement and general release that is restricted to resolving Plaintiff's claims outside of the FLSA. *Id.* However,

the FLSA Agreement not only refers to the Non-FLSA Agreement but integrates the confidential settlement agreement and general release into the FLSA Agreement. Under the heading of "Entire Agreement" in paragraph 13 of the FLSA Settlement Agreement, it states: "Together with the Non-FLSA Settlement Agreement, this FLSA Settlement Agreement contains the entire agreement between the Parties regarding resolution of the Civil Action." *Id.* at 13. The Court cannot determine the settlement is a fair and reasonable resolution without knowing how the terms of the Non-FLSA Agreement affects the FLSA Agreement because the FLSA Agreement integrates the confidential settlement and general release of the Non-FLSA claim. Consequently, the Court must have both settlement agreements to properly determine if the settlement of Plaintiff's FLSA claims are fair and reasonable.

**C. Modification.**

Paragraph 13 of the FLSA Agreement states, the agreement "may be modified only in a writing executed in the same manner as the original FLSA Settlement Agreement." *Id.* This provision appears to attempt to negate the necessity of Court approval of the FLSA Agreement, as it provides for the parties to modify the FLSA Agreement without any limitation regarding when the FLSA Agreement can be modified. Thus, it is unenforceable. See *Madison v. United Site Servs. of Fla., Inc.*, No. 6:16-CV-1991-ORL-41DCI, 2018 WL 2197757, at *1 (M.D. Fla.

May 14, 2018) ("Pursuant to *Lynn's Food Stores, Inc.*, 679 F.2d at 1355, any future modifications to the Settlement Agreements are unenforceable absent judicial approval.").

## IV.   <u>CONCLUSION.</u>

Accordingly, it is **RECOMMENDED** that the Court enter an order **DENYING** the Motion (Doc. No. 17).

<u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

**RECOMMENDED** in Orlando, Florida, on December 29, 2021.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties