**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PAIGE BARBIER,**

    **Plaintiff,**

v.                                                                **Case No:   6:21-cv-1325-WWB-GJK**

**SKANSKA USA CIVIL**
**SOUTHEAST, INC.,**

    **Defendant.**

---

**REPORT AND RECOMMENDATION[1]**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **JOINT RENEWED MOTION FOR APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 21)**
>
> **FILED:** February 17, 2022
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.  BACKGROUND.**

On June 29, 2021, Plaintiff filed a complaint against Defendant, alleging violations of the overtime provision of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a) in the Circuit Court of Orange County. Doc. No. 1-3 at 1. Plaintiff

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

also alleged violations of the Florida Civil Rights Act. Plaintiff alleges that she worked for Defendant as a "Quality Control Supervisor/Administrative Assistant" from February 2020 through November 2020. *Id.* at ¶¶ 12, 38. On August 23, 2021, the Court issued its FLSA Scheduling Order. Doc. No. 10.

On December 16, 2021, a Joint Motion for Approval of Fair Labor Standards Act Settlement and Dismissal with Prejudice (the "Motion") was filed. Doc. No. 17. Attached to the Motion was the FLSA settlement agreement (the "FLSA Agreement"). *Id.* at 9-15. However, in the Motion, the parties disclosed a separate confidential settlement agreement and general release that is restricted to resolving Plaintiff's claims outside of the FLSA (the "Non-FLSA Agreement"). Doc. No. 17 at 4-5 n.1. The parties did not attach the Non-FLSA Agreement to the Motion. On December 29, 2021, Judge Kelly recommended the Motion be denied. Doc. No. 18. On February 17, 2022, Defendant filed a Renewed Joint Motion for Approval of Fair Labor Standards Act Settlement and Dismissal with Prejudice ("the Renewed Motion") and attached to the Renewed Motion, an Amended FLSA Agreement (the "Amended FLSA Agreement"). Doc. No. 21.

**II.   LAW.**

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id.*; *see also Sammons v. Sonic-North Cadillac, Inc.*, No. 6:07-cv-277-PCF-DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked Court approval or supervision by the Secretary of Labor). Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Store*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the

>litigation;
>(3) the stage of the proceedings and the amount of discovery completed;
>(4) the probability of plaintiff's success on the merits;
>(5) the range of possible recovery; and
>(6) the opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-ACC-JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

Importantly, courts have held, "a pervasive release in settlement of an FLSA action is both unfair and incapable of valuation." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010). "Pervasive, overly broad [general] releases have no place in settlements of most FLSA claims." *Bright v. Mental Health Resource Center, Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804, *4 (M.D. Fla. Mar. 14, 2012).

That is not to say a general release may never be included in a FLSA settlement. Courts in this District have approved FLSA settlements with general releases where the parties provide the Court with sufficient information, such as detailed explanations in their motions or affidavits from the plaintiffs, regarding

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

any other claims that the plaintiffs are knowingly releasing, including the fair value of such claims, whether those claims are being compromised and, if so, the reasons for such compromise and the consideration given in exchange for the general release. *See Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving FLSA settlement providing $100.00 as separate consideration for a general release); *Bright*, 2012 WL 868804, at *5 (approving FLSA settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her).

## III. ANALYSIS.

### A. Settlement Amount.

This case involves disputed issues of FLSA liability, which constitutes a bona fide dispute. Doc. No. 21 at 2-3; Doc. Nos. 1, 7. In Plaintiff's unverified answers to the Court's Interrogatories, she states that her total estimated damages are approximately $54,527.14, excluding attorney's fees and costs. Doc. No. 11 at 5. Under the Amended FLSA Agreement, Plaintiff is receiving $3,192.00 in unpaid wages and $3,192.00 in liquidated damages, totaling $6,384.00. Doc. No. 21 at 14 ¶3. Plaintiff is receiving significantly less than the amounts she claims she is due, thus Plaintiff has compromised her claim under the FLSA. *See Caseres v. Tex. de Brazil (Orlando) Corp.*, 6:13-cv-1001-RBD-KRS, 2014 WL 12617465, at *2 (M.D. Fla.

April. 2, 2014) ("Because [the plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*.").

In a case like this, where Plaintiff is receiving only about 12% of the amount originally claimed, the parties must present facts showing the substantial reduction is fair. The Renewed Motion provides that after review of the time sheets and data, Plaintiff did not have a valid claim for overtime in several weeks because Plaintiff either was paid for her overtime work or did not work over 40 hours. Doc. No. 21 at 4-5. The Renewed Motion concludes that "Plaintiff, through her counsel, negotiated a settlement of her wage claims against Defendant that are satisfactory to both Parties. The undersigned counsel, who are experienced in wage and hour matter, view the settlement agreed upon as a good outcome for both parties." *Id.* at 9. Considering the foregoing, and the strong presumption favoring settlement, the settlement amount is fair and reasonable.

As to the still-confidential settlement of other possible disputes, the parties represent that it was negotiated separate and apart from the FLSA settlement and is in no way tied to nor contingent upon the FLSA settlement. Given those representations as well as the contentions as to collateral aspects of Plaintiff's employment, the existence of the separate agreement and release does not impair the finding of fairness as to the FLSA resolution.

**B. Attorneys' Fees.**

Under the Amended FLSA Settlement Agreement, Plaintiff's counsel will receive $3,616 in attorney's fees and costs. Doc. No. 21 at 14. The parties state that attorney's fees and costs were negotiated separately from Plaintiff's FLSA claim. Doc. No. 21 at 9. Such a representation adequately establishes that the issue of attorney's fees and costs was agreed upon without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, the Amended FLSA Settlement Agreement's attorney's fee provision is fair and reasonable.

**CONCLUSION.**

Accordingly, it is **RECOMMENDED** that the Court:

1. **GRANT** the Renewed Motion (Doc. No. 21);

2. **APPROVE** the Amended FLSA Settlement Agreement;

3. **DISMISS** the case with prejudice.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **If the parties have no objection to**

**this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

      **RECOMMENDED** in Orlando, Florida, on February 22, 2022.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record